UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. CR-21-222 (CBG) ) |
| AARON RICHARD EUBANKS, | ) ) |
| Defendant. | ) |

## ORDER OF DETENTION PENDING TRIAL

Following Defendant's Motion to Revoke Detention Order, to Set Bond, and Order Conditions of Release (Doc. No. 28), the Court held a detention hearing on December 22, 2021. The United States appeared through Assistant United States Attorney Hannah Jones. Defendant Aaron Richard Eubanks appeared in person and through his counsel, Joseph Patten Brown, III. This order memorializes the Court's oral order at the conclusion of the hearing. After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), the Court concluded that the following facts require that Mr. Eubanks be detained pending trial.

I. APPLICABLE STANDARDS

A person who is ordered detained by a magistrate judge may file "a motion for revocation or amendment" of the detention order. 18 U.S.C. § 3145(b). A district court considering such a motion reviews the matter de novo. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

A judicial officer must order the pretrial detention of the defendant if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted). If, however, the judicial officer "finds that there is probable cause to believe that the [defendant] committed . . . an offense involving a minor victim under . . . [18 U.S.C. §] 2241," then a rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). "Once the presumption is invoked, the burden of production shifts to the defendant," though the "burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced." *Id.* at 1355. Further, even if the defendant meets its burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.*

Pursuant to 18 U.S.C. § 3142(g), the following factors should be considered "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

II.    BACKGROUND

On June 9, 2021, a grand jury returned an indictment charging Mr. Eubanks with five counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A), 1151, and 1153. *See* Doc. No. 2. On June 15, 2021, the Government moved for the pretrial detention of Mr. Eubanks. *See* Doc. No. 13. Defendant subsequently moved for a detention hearing and filed a written motion for release from custody. *See* Doc. Nos. 14, 18.

U.S. Magistrate Judge Steven P. Shreder held a detention hearing on June 17, 2021. *See* Doc. No. 19. As stated in his Detention Order, the Magistrate Judge found probable cause to believe that Mr. Eubanks had committed the offense charged under 18 U.S.C. § 2241 and found that Mr. Eubanks had "not rebutted the presumption . . . that no condition

will reasonably assure the safety of the community." *See* Detention Order (Doc. No. 21) at 1-2. The Magistrate Judge found by clear and convincing evidence that Mr. Eubanks "poses a risk of danger to the community given the nature and circumstances of the offense charged and the fact that the Defendant is not amenable to supervision." *Id.* at 2.

Defendant subsequently moved for review of the Detention Order, arguing that the Magistrate Judge erred by (1) considering a dismissed charge indicating Defendant had resisted arrest; (2) determining that Defendant had not been honest regarding his living arrangements; (3) failing to include written findings of fact in his Detention Order as required under 18 U.S.C. § 3142(i) or to address why available conditions of release were not sufficient to assure the safety of the community. Defendant also argues that the high number of Covid-19 infections supports pretrial release. Defendant requests that he be released to live with reliable third-party custodians, subject to several conditions of release.[1]

III.   FINDINGS AND CONCLUSIONS

At the hearing, the Court considered the information presented in the pretrial services report, the evidence and argument presented by the parties, and the factors set forth in 18 U.S.C. § 3142(g).

The parties agree that the rebuttable presumption of section 3142(e)(3)(E) applies in this case. *See* 18 U.S.C. § 3142(e)(3)(E). Pursuant to that statute, the Court finds that

---

[1] According to Defendant's uncontested assertions, Defendant's parents, both of whom are in law enforcement, are willing to act as third-party custodians for Defendant, should Defendant be released.

4

in this case there is a rebuttable presumption that there is no condition or combination of conditions that would reasonably assure the safety of the community if Mr. Eubanks were to be released. The Court determines that this rebuttable presumption was not overcome by credible evidence, as set forth below.

In connection with the application of the factors of 18 U.S.C. § 3142(g), the Court makes the following findings of fact. First, as to the history and characteristics of Mr. Eubanks, the evidence presented shows him to be a person in generally good physical and mental health. He has been diagnosed with certain mental health conditions, specified in the pretrial services report, but there is no indication that these conditions present special circumstances that would counsel for release or detention. Mr. Eubanks is an honorably discharged combat veteran of the United States Army, was employed in Oklahoma at the time of his arrest, and expects to be reemployed at the same company in Oklahoma if released. Mr. Eubanks has family and community ties to Oklahoma. He has no prior criminal convictions.[2] Mr. Eubanks has no history of failing to appear for required court proceedings or of violating conditions of probation or release.

Next, as to the nature and circumstances of the offense, Mr. Eubanks is charged with five counts of Aggravated Sexual Abuse in Indian Country. *See* Indictment (Doc. No. 2). As to the weight of the evidence, the Government in its brief (and generally reiterated at the hearing) proffered that two children—each approximately 9 or 10 years old at the time

---

[2] In its outline of Mr. Eubanks' criminal history, the pretrial services report lists a dismissed misdemeanor charge of resisting arrest that occurred in 2012. The Court gives no weight to that arrest.

5

of the alleged offenses—made recorded statements to law enforcement, in which the children: "separately told a forensic interviewer that over a 12-month period the defendant routinely slept in a bed with them and awakened them on numerous occasions by performing sex acts on them," that "[e]ach victim gave specific details of the sex acts," and that their "separate accounts corroborate each other and described experiences of which 10-year-olds would normally and usually be unaware." Pl.'s Resp. at 4-5.[3] Defendant at the hearing presented evidence that he was out of the country on the reported date of at least one incident described by one child. Further, Defendant proffered that federal investigators had interviewed third parties regarding information that could corroborate the children's accounts but those persons made statements that were inconsistent with those of the children. Based on this information, the Court finds that there is competent evidence that Mr. Eubanks engaged in sex acts with the two children. The evidence presented by Mr. Eubanks calls into question a portion of one victim's account of what happened but there is enough of what remains to support a finding of multiple incidents of sexual abuse of minors.

Lastly, as to the nature and seriousness of the danger to any person or to the community, the Court finds that there is nothing in Mr. Eubanks' history aside from the currently-alleged offenses that suggests he would be a danger to the community if released.

---

[3] Defendant did not object to this information being presented by proffer. The Court considers the information as a reliable description of recorded statements by the two children. *See United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (holding that the Government is permitted to present information by proffer under 18 U.S.C. § 3142(f)).

Applying the § 3142(g) factors, the Court first finds that the nature of the offenses charged weighs heavily in favor of detention. Mr. Eubanks is charged with raping two children. The seriousness of the charges are reflected by its inclusion in both section 3142(e)(3) (imposing the rebuttable presumption) and section 3142(g)(1) (prescribing that, when considering the nature and circumstances of the offense charged, the judicial officer should "take into account" whether the offense "involves a minor victim"). *See United States v. Vorrice*, 277 F. App'x 762, 764 (10th Cir. 2008). Further, the weight of the evidence counsels for detention. While not unimpeachable, the statements of the two child victims are powerful evidence that Mr. Eubanks committed the alleged crimes.

The history and characteristics of Mr. Eubanks are ones that, absent consideration of the currently-alleged offenses, would generally militate against pretrial detention.

Based on these findings, and all the evidence presented, the Court concludes that there is no significant risk that Mr. Eubanks would flee if released. The Court concludes, however, that the conduct at issue is so serious that it reflects a danger to the community that could not be offset by any set of conditions of release the Court might reasonably devise.

Defendant argues that the safety of the community could be assured by imposition of conditions of release, including being placed on electronic monitoring, being prohibited from contacting complainants and witnesses, and being required to reside with his parents as third-party custodians. Defendant points to his history of good character as an indicator that he would abide by these conditions of release, and the good character of his parents as further assurance of his compliance. The Court considered this and other alternatives that

would be less restrictive than detention, but the fact remains that at issue here is conduct reflecting a profound disregard for the law and for the well-being of children, the most vulnerable people in society. This conduct persuades the Court that it could not safely rely upon Mr. Eubanks to comply with any set of conditions of release that might be imposed.

In sum, having considered all the findings set forth above and all the factors in 18 U.S.C. § 3142(g), the Court concludes that (1) Plaintiff has failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community if Defendant were released pending trial, and (2) the Government has met its burden to show by clear and convincing evidence that Defendant poses a danger to the community. *See Stone*, 608 F.3d at 945-46 ("[T]he [section 3142(e)(3)] presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").[4]

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Revoke Detention Order, to Set Bond, and Order Conditions of Release (Doc. No. 28) is DENIED. Accordingly, Defendant Aaron Richard Eubanks shall continue to be detained pending trial.

---

[4] Defendant's remaining arguments fail to alter this conclusion. Defendant has presented no authority suggesting that the general health risks of COVID-19 should bear on the Court's analysis. Nor are Defendant's perceived deficiencies in the Magistrate Judge's written factual findings cause for revocation of the Detention Order. The Magistrate Judge "satisfied [the] purpose [of section 3142(i)(1)] by providing a detailed oral explanation, on the record, for his detention order." *United States v. Goodman*, 145 F. App'x 282, 284 (10th Cir. 2005) (finding that argument relating to adequacy of magistrate judge's detention order under section 3142(i)(1) was "moot in light of [district judge's] de novo consideration of [the defendant's] pre-trial release status").

8

Defendant is committed to the custody of the Attorney General or a designated representative and shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the United States, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal Service for any court appearance.

IT IS SO ORDERED this 27th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge