UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | No. CR-21-222-CBG |
| ) | |
| AARON RICHARD EUBANKS,        ) | |
| ) | |
|     Defendant.        ) | |

## ORDER

Now before the Court is Defendant's Motion for Sanctions and to Compel (Doc. No. 80), seeking sanctions for production of audio files of Defendant's jail phone calls close to the date of trial and requesting that the Court order the Government to identify any *Brady* material in the audio files.  The Government responded in opposition (Doc. No. 85). The Government and Defendant, through their respective counsel, appeared for a pretrial conference and hearing on this Motion on June 14, 2022.

The Motion states that the Government produced 1,246 audio files on May 25, 2022, which were identified as recordings of Defendant's jail phone calls, totaling approximately 218 hours of audio recordings.  *See* Def.'s Mot. at 2.  At the time of the May 25, 2022 production, this case was scheduled on the Court's June 2022 trial docket.  The Motion states that the Government represented that it did not intend to offer any of the jail call audio recordings into evidence during its case-in-chief, but did intend to use the contents of at least some of these recordings for the purpose of impeaching any inconsistent testimony.  *See id.*

Defendant argued that, based on the timing of the production, counsel was "unable to access, review and analyze the calls" prior to trial. *Id.* at 3. In response, the Government argued that Defendant had failed to establish a violation of the discovery rules in the Federal Rules of Criminal Procedure, and that therefore sanctions were not available or appropriate. *See* Gov't's Resp. at 3.

As discussed at the June 14, 2022 hearing and later memorialized by written Order, Defendant moved orally to continue the trial to a subsequent trial docket to provide the time necessary for Defendant's counsel to review the audio recordings, which the Court granted. *See* Minute Sheet (Doc. No. 98); Order of June 30, 2022 (Doc. No. 102). Defendant's Motion for Sanctions (Doc. No. 80) is therefore DENIED AS MOOT. As further ordered at the June 14, 2022 hearing, the Government shall produce any additional audio recordings of Defendant's jail calls occurring after May 25, 2022 on a rolling basis through the beginning of trial.

Regarding Defendant's Motion to Compel under *Brady*, the Court agrees with the Government that the May 25, 2022 production of audio files does not implicate *Brady* concerns. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Brady*, the Government has an obligation to produce to Defendant exculpatory evidence that is "material to guilt or to punishment." *Id.* Defendant's Motion does not argue that the Government has withheld any evidence. The Court also observes that Defendant was a participant on all of the jail calls in the Government's production and that Defendant is thus aware of the contents of such calls. In addition, Defendant's counsel stated at the June 14, 2022 that the one-month continuance of trial will provide counsel sufficient time to review the audio files in the

Government's May 25, 2022 production, obviating the fairness concerns raised in Defendant's Motion.  Defendant's Motion to Compel (Doc. No. 80) is therefore DENIED.

IT IS SO ORDERED this 22nd day of July, 2022.

_____
CHARLES B. GOODWIN
United States District Judge