## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-21-222-CBG** |
| | ) | |
| **AARON RICHARD EUBANKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court are Motions in Limine filed by the Government (Doc. No. 50) and by Defendant (Doc. No. 52). Defendant responded in opposition to the Government's Motion in Limine (Doc. No. 70), and the Government responded in opposition to Defendant's Motion in Limine (Doc. No. 60). The Government and Defendant, through their respective counsel, appeared for a pretrial conference and hearing on these Motions on June 14, 2022.

Defendant is charged with five counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A)-(C). *See* Indictment (Doc. No. 2). Counts One, Two, and Three charge Defendant with acts of sexual abuse of a minor referred to as L.A.E. and Counts Four and Five charge Defendant with acts of sexual abuse of a minor referred to as L.G.E. *See id.*

### I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130

(10th Cir. 2016) (emphasis and internal quotation marks omitted).  It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995).  A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

II.   *The Government's Motion in Limine*

The Government moves to exclude evidence concerning an Oklahoma Department of Human Services ("DHS") referral relating to the half-sibling of the alleged victims in this case. *See* Gov't's Mot. (Doc. No. 50) at 1.  The Government argues in its Motion that this evidence is irrelevant to any fact of consequence and may confuse or mislead the jury under Federal Rule of Evidence 403. *See id.*

The Motion states that this referral involved an allegation that the alleged victims' mother had been sex trafficking her son, L.R., who was the half-sibling of the alleged victims. *Id.* at 3.  The Motion states that the allegation was made by L.R.'s biological father, who is not related to the alleged victims in this case. *Id.*  The Motion states that DHS investigated this allegation and found that it was unsubstantiated. *Id.*  Defendant's Response states that the DHS referral relating to L.R. is dated December 3, 2020, which is several months before the alleged victims reported the conduct that is the subject of the charges in this case. *See* Def.'s Resp. (Doc. No. 70) at 3.  For convenience, the Court will refer to the DHS investigation into the allegations involving L.R. as the "L.R. Investigation."

2

Defendant states that he intends to argue at trial that the alleged victims and their mother are making false accusations of sexual abuse against Defendant. *See id.* Defendant argues that the L.R. Investigation is relevant to the extent that the alleged victims in this case and their mother participated in that investigation or interacted with investigators. *See id.* Specifically, Defendant seeks to elicit testimony that the alleged victims could have reported the alleged abuse to DHS at time of the L.R. Investigation and did not, and that the alleged victims and their mother learned about the process and terminology used in sexual abuse investigations, which could have aided them in subsequently making a false report of sexual abuse against Defendant. *See id.*

At the June 14, 2022 hearing, Defendant clarified that he intends to cross-examine the alleged victims and their mother, should they testify, about the following subjects: (1) their familiarity with the sexual abuse complaint process, as developed through their involvement in the L.R. Investigation, (2) the alleged victims had the opportunity to report the alleged abuse to DHS during the L.R. Investigation and did not do so, and (3) whether L.R. received extra or special attention as a result of the L.R. Investigation. Defendant further stated that he will not inquire into the details of the L.R. Investigation, such as the specific allegations or who the alleged perpetrator was, other than that it was not Defendant, and that he is not proposing to call any witnesses or introduce any documentary exhibits in connection with these topics unless necessary for impeachment. The Government conceded at the hearing that the topic of the alleged victims' non-disclosure of abuse when speaking to DHS during the L.R. Investigation is relevant in this case, but

3

the Government maintained that the details and subject-matter of that investigation are irrelevant.

The Court preliminarily finds that cross-examination of the alleged victims and their mother limited to the topics set forth by Defendant at the hearing is permissible insofar as it may be relevant to Defendant's stated defense strategy in this case. Defendant may examine the alleged victims and their mother about their own experiences in speaking with DHS investigators as part of the L.R. Investigation and may inquire as to whether the alleged victims observed L.R. receiving extra or special attention as a result of the investigation, as such testimony may support a possible motive for false reporting. Defendant shall avoid inquiring as to the specific subject matter of the L.R. Investigation, which is irrelevant to the charges at issue in this case and may confuse or mislead the jury. The Government's Motion (Doc. No. 50) is therefore GRANTED IN PART AND DENIED IN PART, as set forth above.

   III.  *Defendant's Motion in Limine*

Defendant moves to prohibit the Government and Government witnesses from referring to any party or witness in this case as a "victim." *See* Def.'s Mot. (Doc. No. 52) at 1. Defendant argues that the term "victim" is inherently prejudicial and presumes guilt. *See id.* In response, the Government argues that there is no authority for the proposition that the Government, which is affirmatively alleging that the two complainants in this case are in fact victims of sexual abuse, cannot use the term "victim" under any circumstance. *See* Gov't's Resp. (Doc. No. 60) at 1-2.

At the June 14, 2022 hearing, the Government stated that it intended to refer to L.A.E. and L.G.E. during trial primarily by their first names, and that the term "victim" would be used sparingly when necessary.  The Government noted that one of its experts intends to use the term during testimony as a term of art in the expert's field of expertise and added that the expert is a "blind witness," who will be offering general expert opinions about child sexual abuse and not opining about the specific facts in this case.  Defendant stated at the hearing that he does not object to the Government's proposal to refer to L.A.E. and L.G.E. primarily by their first names.

Based on the parties' representations at the hearing, and upon consideration of the parties' submissions, the Court preliminarily finds that the preferred reference for L.A.E. and L.G.E. during trial should be their first names.  Given the nature of the charges in this case, limited references by the Government to L.A.E. and L.G.E. as victims of abuse may be appropriate.  A reasonable juror will understand that the Government is contending that L.A.E. and L.G.E. are in fact victims of Defendant's sexual abuse in this case, and Defendant will therefore not suffer undue prejudice by the Government using the term on a limited basis.  In addition, the Government's expert shall be permitted to offer expert testimony using the term "victim" in the context of a general term of art within the expert's field.   If, during trial, Defendant believes that the Government or its witnesses are using the term "victim" excessively or for an improper purpose, Defendant may renew his objection as appropriate.  Defendant's Motion (Doc. No. 52) is therefore DENIED, as set forth above.

IT IS SO ORDERED this 28th day of July, 2022.

CHARLES B. GOODWIN
United States District Judge