# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-21-222-CBG |
| | ) |
| AARON RICHARD EUBANKS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On May 20, 2022, the Government filed a Notice of Intent to Admit Evidence Under Federal Rule of Evidence 413 and as Res Gestae (Doc. No. 51). Defendant filed a Response (Doc. No. 68), raising objections to the evidence outlined in the Government's Notice. The Government filed a Supplemental Notice (Doc. No. 77) in further support of the admissibility of the evidence outlined in the Government's initial Notice, and Defendant filed a Supplement (Doc. No. 79) in further support of his objections. The Government and Defendant, through their respective counsel, appeared for a pretrial conference and hearing on June 14, 2022, at which time the Court heard argument on the issues raised by Defendant's objections.

I. *Background*

A. *Charged Offenses and Allegations*

Defendant is charged with five counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A)-(C). *See* Indictment (Doc. No. 2). Counts One, Two, and Three charge Defendant with acts of sexual abuse of

a minor referred to as L.A.E. and Counts Four and Five charge Defendant with acts of sexual abuse of a minor referred to as L.G.E. *See id.* L.A.E. and L.G.E. were under the age of 12 when the charged acts occurred.

The Notice states that on April 2, 2021, L.A.E. and L.G.E. disclosed to their mother that their father, the Defendant, had sexually abused them. Notice (Doc. No. 51) at 1. On April 5, 2021, L.A.E. and L.G.E. were taken in for forensic interviews. *See id.* at 2.

During the interview of L.A.E., she stated that Defendant digitally penetrated her on multiple occasions while visiting Defendant at a camper and at her grandparent's house. *See id.* L.A.E. additionally stated that Defendant penetrated her vagina with his penis on multiple occasions and licked her vagina on at least one occasion. *See id.* L.A.E. stated that Defendant would remove her pants and underwear. *See id.* L.A.E. stated that she noticed that her underwear was wet with a substance after the acts described above, which was white and smelled like rotten eggs. *See id.* L.A.E. stated that Defendant had previously commented on this size of her butt and would touch her vagina outside of her clothes while they watched movies together. *See id.* L.A.E. stated that the acts described above began after the Defendant returned from his military deployment in 2020 and continued until the disclosure to her mother in April 2021. *See id.*

During the interview of L.G.E., she stated that not long after her birthday in February 2021, she awoke to Defendant touching her vagina and pulling her underwear down. *See id.* L.G.E. stated that Defendant digitally penetrated her vagina. *See id.* L.G.E. stated that Defendant also penetrated her vagina with his penis. *See id.* L.G.E. stated that she noticed that her underwear was wet after the penetration. *See id.*

B. *Government's Rule 413 Notice*

The Government's Notice states that Defendant committed a separate act of sexual assault against a minor female in 2020 while employed by the Adair County, Oklahoma Sheriff's Department (the "Adair County Incident"). *See* Gov't's Notice (Doc. No. 51) at 3. Specifically, the Government's Notice states that it intends to introduce the following facts at trial related to the Adair County Incident:

1. Defendant was employed by the Adair County Sherriff's Department.

2. A female member of Adair County's staff, who was 17 years old and participating in a summer program, stated that Defendant placed his hand on her vagina after following her into a stairwell (the 17-year-old female is referred to herein as "K.S.").

3. This event took place within the timeframe contained within the Indictment.

4. Given the conflict of interest, this investigation was transferred to the Wagoner County Sherriff's Department.

*Id.* at 3; Gov't Ex. 1 (Doc. No. 77-1) at 1. In its Supplemental Notice, the Government states that it intends to additionally introduce the following facts at trial relating to the Adair County Incident:

1. Defendant was employed as a security guard in the Adair County Courthouse.

2. On, or about, August of 2020, Defendant sent a photo of his erect penis and two videos of him masturbating to K.S.

3. On August 17, 2020, Defendant texted K.S. to meet him by the vending machines in the courthouse basement. While walking down the stairs,

3

> Defendant slapped K.S. on her butt.  K.S. did not consent to this act.

4. On August 18, 2020, Defendant motioned K.S. to follow him into a restroom in the basement of the courthouse, locked the door to the bathroom, and stood in front of the door so she could not exit.  Defendant then grabbed K.S. under her skirt, lifted her by her buttocks, and began to rub her vagina while his hand was on the outside of her underwear.  K.S. did not consent to these acts.

5. This conduct took place within the timeframe contained within the Indictment.

Gov't's Supp. Notice (Doc. No. 77) at 3-4.  The Government further states that Travis Saulsberry, Oklahoma District 27 Drug and Violent Crime Task Force Officer, investigated these events, having been advised that K.S. wanted to make a report.  *See* Gov't Ex. 1 (Doc. No. 77-1) at 1.  Defendant has not been charged with a criminal offense in connection with the Adair County Incident.

   C.  *Government's Res Gestae Notice*

The Government's Notice states that it intends to introduce evidence of Defendant's statements about the alleged victims, uncharged touches of the alleged victims, the behavior of Defendant in the presence of the alleged victims, and physical responses of the alleged victims after the Defendant touched them as res gestae, also referred to as intrinsic evidence.  Gov't's Notice (Doc. No. 51) at 6. Specifically, the Government's Notice states that it intends to introduce the following res gestae evidence at trial:

1. Defendant touching L.A.E.'s vagina with his hand prior to digitally penetrating her.

2. Defendant touching L.A.E.'s vagina, over her clothing, while sitting on the couch with her siblings and watching the television.

3. Defendant walking in front of L.A.E. and L.G.E. while naked, exposing his penis to them.

4. Defendant telling L.A.E. that they were as attractive as their mother, had nice butts, and had big butts.

5. Defendant digitally penetrating L.A.E. on more than one occasion.

6. Any physical response that L.A.E. and L.G.E. experienced after being vaginally penetrated by Defendant, including discomfort, itching, bleeding, pain, burning.

7. That L.A.E. and L.G.E.'s clothing was removed by Defendant during the charged acts.

*Id.* at 7-8. Collectively, the Court will refer to this evidence herein as the "Asserted Res Gestae Evidence."

II. Discussion

 A. *Rule 413 Evidence*

  1. Applicable Standards

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Rule 413 is "an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089-90 (10th Cir. 2007). The Tenth Circuit has

"recognized a presumption in favor of admission of such evidence." *United States v. Willis*, 826 F.3d 1265, 1271 (10th Cir. 2016) (internal quotation marks omitted).  "The legislative history [of Rule 413], however, indicates that the district court must apply Rule 403 balancing and may exclude such evidence in an appropriate case." *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998).

To admit evidence of other sexual assaults under Rule 413, the Court must determine the following three threshold requirements: "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant."[1]  *Benally*, 500 F.3d at 1090. Additionally, "in cases where the government seeks to introduce Rule 413 evidence, the district court must make a preliminary finding that a jury could reasonably find that the "other act" occurred by a preponderance of the evidence." *Id.* at 1090.

Before admitting Rule 413 evidence, the Court must consider the following factors in its Rule 403 balancing analysis:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury

---

[1] In addition, Rule 413(b) requires that the Government disclose evidence offered under Rule 413 to Defendant at least 15 days prior to trial. The Government's Notices (Doc. Nos. 51, 77) were filed more than 15 days prior to the start of trial in this matter, and the Court therefore finds that the Government has complied with the Rule 413(b) notice requirement.

>from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Enjady*, 134 F.3d at 1433. To assist district courts analyzing probativeness under the second *Enjady* factor, the Tenth Circuit has articulated considerations that may influence the Court's analysis, including "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91 (citing *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998)).

    2. Analysis

The Court first addresses the threshold requirements for admission of evidence under Rule 413. The Court finds that the first two requirements are met here. First, Defendant is charged with five counts of aggravated sexual assault. *See* Indictment (Doc. No. 2). Second, the Government has proffered at least one act by Defendant that qualifies as another sexual assault as defined by Rule 413(d). Rule 413(d) lists five definitions of sexual assault, including "contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus." Fed. R. Evid. 413(d)(2). The Government's Supplemental Notice states that it intends to offer evidence that Defendant placed his hand on K.S.'s vagina in the restroom in the basement of the Adair County Courthouse without consent.[2]

---

[2] The Court does not conclude here that other acts by the Defendant that the Government intends to offer under Rule 413 qualify as sexual assault. In particular, the Government offers no basis to find that Defendant slapping K.S.'s butt in the Adair County Courthouse

Regarding the third requirement, however, the Court finds that evidence of the Adair County Incident has little to no relevance to the charges against Defendant. As described by the Government, K.S. was 17 years old and an employee at the Adair County Clerk's office at the time of the alleged conduct, K.S. met Defendant in a professional setting while Defendant was working as a security officer at the Adair County Courthouse, Defendant indicated he wanted to have a conventional relationship with K.S.,[3] and the alleged sexual assault occurred in a bathroom at the courthouse during the workday. *See* Gov't's Notice (Doc. No. 50); Gov't's Supp. Notice (Doc. No. 77); Gov't's Ex. 1 (Doc. No. 77-1). The circumstances of these events differ materially and significantly from the charges and alleged conduct at issue in this case, in which the Government indicates it will offer evidence that Defendant sexually abused his biological daughters in family residences, such as Defendant's trailer and in a grandparent's house, when the alleged victims were under the age of 12 and in the third grade of elementary school. *See* Gov't's Notice (Doc. No. 50) at 1-2, 8. The Government further states that it intends to present evidence showing that Defendant took steps to "groom" and manipulate his daughters and that their young age made them particularly susceptible to these tactics. *Id.* at 8. Given these significant

---

stairwell or Defendant sending sexually explicit photos and videos of himself to K.S. meet the definitions of sexual assault in Rule 413(d).

[3] Officer Saulsberry's investigation report states that Defendant and K.S. communicated with each other on multiple social media sites, that K.S. "stated that [Defendant] had asked her to go to Tenkiller lake the past weekend with him and his children and she did not go," and that Defendant wrote messages to K.S. stating, among other things, that "I just feel like you would make an amazing companion" and "I feel like we would be great together." Gov't's Ex. 1 (Doc. No. 77-1) at 1-2.

differences, the Court concludes that the proffered evidence of the other sexual assault involving K.S. does not tend to show that Defendant had a propensity to commit sexual offenses like the ones at issue in the Indictment, that is offenses against pre-pubescent girls and/or close family members.

The Court further finds that, even if the proffered Rule 413 evidence were relevant, this evidence implicates substantial Rule 403 concerns under the *Enjady* and *Guardia* factors. Defendant was investigated but not charged with any criminal offense in connection with the Adair County incident. Defendant, moreover, states that he will vigorously contest that he committed an act of sexual assault against K.S. Def.'s Resp. (Doc. No. 68) at 10-11. Defendant states that he will argue that any sexual contact between Defendant and K.S. was consensual. *Id*. Defendant further states that he intends to challenge the credibility of K.S., call three defense witnesses, and rely upon documentary and video evidence to refute this allegation. Def.'s Supp. Resp. (Doc. No. 79) at 4-5. The Court therefore has significant concerns that the introduction of this evidence will lead to a mini trial into whether the contact between Defendant and K.S. was consensual, which will be time consuming and distract from the very serious charges at issue in this case.

Taking these considerations together, the Court finds that there is a strong likelihood that this evidence will improperly distract and confuse the jury. Even assuming this evidence has some marginal propensity relevance, weighing that against the "probative dangers" outlined by the Tenth Circuit, *see Enjady*, 134 F.3d at 1433, the Court finds that the risk of jury confusion and prejudice to the Defendant outweighs any probative value

9

here. The Court therefore concludes that the proffered Rule 413 evidence should be excluded under Rule 403.

Defendant's objection to the Government's proffered Rule 413 evidence is SUSTAINED.

B. *The Asserted Res Gestae Evidence*

At the June 14, 2022 hearing, Defendant stated that he did not have any "per se objection" to the Asserted Res Gestae Evidence outlined in the Government's Notice, and stated that Defendant may raise relevance objections during trial if appropriate based on the evidence and testimony presented. Based on this representation, any objection contained in Defendant's Response (Doc. No. 68) is OVERRULED at this stage.[4]

IT IS SO ORDERED this 1st day of August, 2022.

_____
CHARLES B. GOODWIN
United States District Judge

---

[4] Defendant dedicates much of his Response to arguing that the Asserted Res Gestae Evidence is not admissible under Federal Rules of Evidence 413 or 414. *See* Def.'s Resp. (Doc. No. 68) at 4-7. The Government, however, is not offering the noticed evidence under Rules 413 or 414. *See* Gov't's Notice (Doc. No. 50) at 6-8.