UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-222-CBG |
| | ) |
| AARON RICHARD EUBANKS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Following a jury trial, Defendant Aaron Richard Eubanks was found guilty of five counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A)-(C). Now before the Court is Defendant's Motion for New Trial (Doc. No. 172). The Government has filed a Response (Doc. No. 177).

I. *Standard of Review*

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The Tenth Circuit regards new trial orders 'with disfavor' and advises that motions for new trial should be granted only with great caution." *United States v. Kaspereit*, No. CR-18-297-R, 2022 WL 49194, at *2 (W.D. Okla. Jan. 5, 2022) (quoting *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999)). "The defendant has the burden of proving the necessity of a new trial," and the determination of whether to grant a new trial "is committed to the sound discretion of the district court." *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D.

Kan. 2000).

   II. *Discussion*

At trial, the Court instructed the jury, over Defendant's objection: "It is proper for an attorney to interview any witness in preparation for trial." Instr. No. 14 (Doc. No. 167); *see also* Trial Tr. of Aug. 5, 2022 (Doc. No. 190) at 6-12; Seventh Cir. Pattern Crim. Jury Instr. No. 3.02 (2023 ed.).

In his Motion, Defendant contends that the inclusion of this instruction "was unfair to the defense as every witness called by the Government was only interviewed by [the Government] and, while the Government can properly argue the meetings were proper[,] it is unfair to highlight the Government's position via a jury charge." Def.'s Mot. at 2-3. Defendant additionally argues that Instruction No. 14 confused the jury and "place[d] a thumb on the scales of justice." *Id.* at 3 (citing *United States v. Harry*, No. CR-10-1915, 2014 WL 6065677 (D.N.M. Oct. 14, 2014)). The Government objects, noting that the instruction was facially neutral and that the defense's questioning at trial regarding government interviews "opened the door to the inclusion of a jury instruction clarifying that such conduct was proper." Gov't's Resp. at 3.

As stated by the undersigned in overruling Defendant's objection, Instruction No. 14 "is a simple and correct statement of something that is true"—i.e., "that it is proper for an attorney to interview a witness in preparation for trial." Trial Tr. of Aug. 5, 2022, at 12. The instruction was related to both "the issues present" and "the facts developed by the evidence." *United States v. Troutman*, 814 F.2d 1428, 1451 (10th Cir. 1987). Further, the giving of the instruction "d[id] not foreclose the defendant from arguing that there was

2

some suggestion [to the witness from the Government] that occurred, directly or indirectly, that affected the witness's testimony along the way, and that would be improper, of course." Trial Tr. of Aug. 5, 2022, at 12.

To any extent that the district court held to the contrary in *Harry*, the Court notes that the language of the proposed instruction in that case differs materially from the one now challenged by Defendant. *See Harry*, 2014 WL 6065677, at *21. The Court does not find that ruling persuasive, particularly as the instruction at issue has previously been given by district courts within this Circuit. *See, e.g.*, *United States v. Watters*, No. 05-CR-0070, 2006 WL 7625281 (N.D. Okla. Feb. 24, 2006) (instructing jury that "[i]t is proper for an attorney to interview any witness in preparation for trial"); *United States v. Rasmussen*, No. CR-19-160-C (W.D. Okla. Jan. 23, 2020) (Doc. No. 69) (same).

For all these reasons, Defendant has not met his burden to show that the disputed jury instruction was so unfair or confusing as to require a new trial under Federal Rule of Criminal Procedure 33.

## CONCLUSION

Defendant's Motion for New Trial (Doc. No. 172) is therefore DENIED.

IT IS SO ORDERED this 1st day of February, 2024.

_____
CHARLES B. GOODWIN
United States District Judge