UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-222-CBG |
| | ) |
| AARON RICHARD EUBANKS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On August 5, 2022, Defendant Aaron Richard Eubanks was found guilty by a jury of five counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A)-(C). Now before the Court is Defendant's Motion for Judgment of Acquittal (Doc. No. 173). The Government has filed a Response (Doc. No. 176).

I. *Standard of Review*

Pursuant to Federal Rule of Criminal Procedure 29, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days . . . after the court discharges the jury." Fed. R. Crim. P. 29(c)(1). "In considering a Rule 29 motion for judgment of acquittal based upon the insufficiency of the evidence at trial, the Court may deem the evidence 'sufficient to support a conviction if, viewing the evidence and the reasonable inferences therefrom in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Kaspereit*, No. CR-18-297-R, 2022 WL 49194, at *2 (W.D. Okla. Jan. 5, 2022) (quoting *United States*

*v. Benford*, 875 F.3d 1007, 1014 (10th Cir. 2017)).  If there is "substantial evidence from which a jury could find that the defendant is guilty beyond a reasonable doubt," the motion should be denied.  *United States v. Mallory*, 460 F.2d 243, 246 (10th Cir. 1972).

In conducting its inquiry, the Court "do[es] not weigh conflicting evidence []or consider the credibility of witnesses."  *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004).  Rather, the Court must "determine whether evidence, if believed, would establish each element of the crime."  *Id.* (alteration and internal quotation marks omitted).

## II. Discussion

To prove each charge of aggravated sexual abuse, the Government was required to establish: (1) Defendant knowingly engaged or attempted to engage in a sexual act with the victim; (2) at the time the sexual act occurred, the victim was younger than 12 years old; (3) the sexual act took place within Indian Country; and (4) Defendant is an Indian.  *See* Jury Instr. Nos. 19, 20, 21, 22, 23 (Doc. No. 167).  "Sexual act" was defined to mean: "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  *See* Jury Instr. Nos. 19, 20, 21, 22, 23.

Defendant's renewed Motion challenges the sufficiency of the evidence as to the first element.  According to Defendant, the evidence adduced at trial was insufficient to sustain the verdict because: "[t]here was a lack of consistency in the complainant[s'] testimony as well as numerous inconsistencies in their testimony [vis-à-vis] properly admitted evidence and testimony presented by the defense"; the government witnesses'

testimony "was unsubstantiated, self-contradictory, extra-contradictory, and implausible"; "the testimony proffered by the Government's experts as to factors that make it more likely that a minor will delay reporting do not apply to [Defendant]"; and "[t]here was no physical corroboration of the crimes either forensically or via physical examination." Def.'s Mot. at 1-2.

As a threshold matter, Defendant fails to identify the specific inconsistencies and implausibilities in the evidence that are alleged to undermine his conviction. The Court "'will not construct arguments or theories for [Defendant] in the absence of any discussion of those issues.'" *United States v. Flynn*, No. 2:16-cr-00056, 2023 WL 8188593, at *4 (D. Utah Nov. 27, 2023) (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)); *cf. United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) ("When a defendant challenges in district court the sufficiency of the evidence on specific grounds, all grounds not specified in the motion are waived." (internal quotation marks omitted)).[1]

Furthermore, the Court finds that there was ample evidence presented to support the jury's verdict. As referenced in the Court's rulings on Defendant's prior requests for acquittal, when viewed in the light most favorable to the Government the testimony of the two minor victims provided significant and detailed evidence of Defendant's knowing engagement or attempt at engagement in sexual acts with both Jane Doe 1 and Jane Doe 2.

---

[1] Although the Motion states that Defendant "intends to supplement . . . with citations to the record," no request for such supplementation was submitted. Def.'s Mot. at 2; *see also* Order of Oct. 17, 2022 (Doc. No. 180) at 2 (denying a motion for extension of time "without prejudice to Defendant moving for further relief regarding the record for his post-trial motions").

*See* Trial Tr. of Aug. 4, 2022 (Doc. No. 194-2) at 458:14-459:10; Trial Tr. of Aug. 5, 2022 (Doc. No. 190) at 4:24-5:14; Gov't's Resp. at 3.  To the extent Defendant asserts that inconsistencies between the Government's witnesses and those for the defense undermine the verdict, or that he disagrees with the opinions of the Government's expert witness, Defendant asks the Court "to weigh conflicting evidence" and "consider the credibility of witnesses," which are duties "delegated exclusively to the jury." *Delgado-Uribe*, 363 F.3d at 1081; *Flynn*, 2023 WL 8188593, at *4 (internal quotation marks omitted).  "Conflicting evidence and issues of credibility are common during criminal trials," "and a defendant is not entitled to reversal of his conviction as a result." *Flynn*, 2023 WL 8188593, at *4 (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal (Doc. No. 173) is DENIED.

IT IS SO ORDERED this 1st day of February, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

4